Sneed, J\,
delivered tbe opinion of tbe court.
The case stands upon demurrer to a bill which was filed on the twenty-sixth of March, 1872, in the double aspect of a bill of review, and a bill in the nature of a bill of review to vacate and annul two decrees rendered in the case of R. B. Cheatham et al. v. E. S. Cheatham et al., executors and heirs, and devisees of Richard Cheatham, deceased, for errors of law apparent on the face of said decree and for fraud in obtaining said decrees. The bill of R. B. Cheatbam et al. was filed in the chancery court at Springfield in 1860, and the decrees attacked in this bill of review were pronounced on the - day of October, 1871, after a very protracted litigation, which it would be neither profitable or pertinent to the issue now presented to trace in this memorandum — otherwise than it appears in the bill of review itself — the substance of which will be hereinafter quoted, in order the more clearly to *578 present the matter in judgment. It is sufficient to say that the litigation involves the settlement of the estate' of Richard Cheatham, deceased, and that in some of its multiform phases it has languished and lingered in the courts for nearly thirty years. Though not necessary to an adjudication of the point in judgment, we have as a matter of courtesy to the counsel who have requested it, carefully examined this immense record, which we do not regret, as it has enabled us the more thoroughly to comprehend the real equities of the parties, while we undertake to determine their purely legal rights as presented in the questions growing out of the demurrer to the bill. This demurrer was sustained by the chancellor below,.and we are called upon to pronounce upon the correctness of that decree. We take it to be a sound and well established doctrine of equity practice, that, upon a demurrer to a bill of review, as to a bill of any other nature, the court cannot look to anything outside of the bill itself. Whether the complainant has presented the record complained of fairly or falsely, is not a question to be considered under a demurrer. The demurrer under our practice is a special fault-finder, and the demurrant must put his finger upon the fallacy in the bill upon which he predicates his theory, that the bill, assuming all of its averments to be true, cannot be sustained. Thus, it is said, if the defendant is content to demur without plea, the court is confined to the bill itself, and must determine the case upon the allegations of the bill itself. 3 Paige, 370; 7 Cold., 430. By resorting to the demurrer, instead of the plea of former decree, the defendant has admitted that complainant has stated the decree truthfully, and relies alone upon the insufficiency in law, of the errors assigned, to entitle his adversary to relief. The “demurrer asserts that complainant, on his own showing, has not made out a case, and if that position can be established on any ground, the demurrer is good.” Adams Eq., 640. And the demurrer *579 must be founded on some strong point of law, which goes to the absolute denial of the relief sought, and not on circumstances in which a minute variation may incline the court either to grant, modify or refer the application. Verplank v. Caines, 1 Johns. Ch., 58; 1 Dank Ch., 565 [2 Dan. Ch. Pl. and Pr., 1583]. But it does not follow, in all cases, this being one of them, that in disallowing a demurrer the decree complained, of is vaeted. The complainant would still be left to make out his case upon remanding for answer and further account.
The demurrer assigns the following causes of demurrer:
1. There is no equity on the face of the bill.
2. Not a bill of review, or a bill in the nature of a bill ■of review, because, if for error apparent, the complainants have their remedy. No fraud shown. No new matter shown to have arisen.
3. No ground of merit. The judgment is for property bought by J. W. Walker, that executor was charged with and has accounted for.
4. The proceedings are binding on complainants, because on the thirteenth of May, 1870, they consented to a decree referring the matter for account. While upon this proposition of the demurrer, we had as well observe that the mere consenting that an account be taken, does not amount to a consent to the account itself when taken, or to the decree founded on the account.
5. The matters are res judicata, they having consented to account and assisted in taking account. They are now bound by the proceedings.
6. They do not return or offer to relieve the property bought by complainant.
7. The bill'cannot be maintained for settlement of ■estate, because it shows settlement already made, and points out no errors of law therein that they can take advantage of.
*580 8. The bill does not show allowance of any improper credits, nor can that now be done, as the estate is settled.
9. The bill is vague, indefinite, and uncertain, stating no ground on which the court can give the relief prayed.
10. No leave of the court granted to file the bill.
11. The bill attacks two separate decrees. This cannot be done.
12. The bill is multifarious in uniting matters and parties having no connection and incongruous with one another.
13. The complainants are in no attitude to impeach decree. The bill shows the money is owing, and shows no defect in the consideration. And complainant being before the court when the same was rendered, cannot now attack the same in the way sought by the bill.
14. The bill cannot be sustained as an original bill to retry matters finally disposed of in which complainants were parties.
The complainants assign as errors apparent, the following:
1. No decree is sought against complainants in original bill of R. B. Oheatham et al., nor is the answer of executor made in cross-bill against complainants; so that decree against complainants is rendered in a case in which they do not occupy relations to defendants, or complainants to E. S. Oheatham, but simply co-defendants to suit of R. B_ Oheatham.
2. Said decree confirms a report showing estate indebted to executor only 17,167.62, and at the same time goes on to give him decrees against the heirs for overadvancements to the amount as against these complainants of $17,-609, as to R. B. Cheatham $11,695.24, W. A. Oheatham $12,553, Monroe Oheatham $5,000.03, and as to Mary E. Leavill $4,363.83, besides some thousands as to E. E. Oheatham against whom he asks no judgment, all subject *581 ■only to a deduction of $451, the amount of each one’s ■distributive share.
3. The first of said decrees allows B. M. and I). L. W. Cheatham $10,871, to be divided between thern, as part payment on their respective shares, while the second decree, without explanation fixes amount of a distributive share at $451.
4. The said original bill sets out the will and the construction thereof. The answer of E. S. Cheatham admitting the will, insists on a wholly different construction, thereby making the judicial construction of the will an essential element of the decree, and yet there is m> construction of the will. The will requires the distributive shares to be paid as children arrive at age, or marry, and if the will had been construed, the decree would have been impossible.
5. The decree against complainants is for the note of $6,518, and $600, the value of Malinda, in all $7,118, charged as an advancement, and then interest on the same from February, 1848, amounting to $10,453.29, in all $17,609. Said sum of $7,118, being claimed by executor as an advancement, and reported as such, and report confirmed. It is plainly error to have charged interest on it.
6. The will provides that the shares shall be allotted to the sons as they become of age, and to the daughters as they become of age, or marry, and the mother has discretion if a daughter marry either before or after full age, to settle the share on such daughter and their heirs, free from the marital right of their husbands. In any event the de: livery of the negro was an advancement, and no interest could be charged on it.
We have considered this case with much care, but under the great pressure of other matters upon us, we shall not undertake to do more than state the conclusions to which we have arrived.
Upon the first assignment of error predicated upon the *582 peculiar state of the pleadings, that in such a case where no cross-bill had been filed by the executor, and no judgment or degree sought by him against complainants, the court hold that upon a bill for general account and settlement of the estate, like that of B. B. Cheatham et ah, said decree against complainants in favor of the executor, in his own right, if the account shows a balance due him as a distributee, would not of itself be error for which a bill of review would lie, and that upon the state of the pleadings in this case, reciprocal decrees between his fiduciary character and the other accountants are allowable.
We hold that the second assignment, that said decree confirms a report showing the estate only indebted to the executor in the sum of $7,167.62, and at the same time goes on to give him decrees against the heirs for overadvancements in the large amounts complained of, all subject only to the deduction of $151, the amount of each one;s distributive share, is a good assignment of error apparent on the face of the decree.
We hold the two decrees as but one, the first the predicate, and the second the result, both rendered on the same day, and so intimately interwoven and dependent the one upon the other that they are in effect but one decree. It is assigned as error that the first decree allows B. M. and II. L. W. Cheatham $10,871, to be divided between them as part payments on their respective shares, while the second without explanation fixes the amount of each distributive share at $151. A decree so incongruous, and prima facie unwarranted, must be held unlawful on its face.
The fourth assignment is that the original bill sets out the will and the construction thereof, and the answer admits the will, but insists on a totally different construction, thus making a judicial construction of the will an essential element of the decree; and yet there is no construction of the will. The will requires the distributive shares to be *583 paid, as children become of age, or marry, and if the will had been construed the same would have been impossible. We think this is well assigned as error. The will is the warrant of allowing for all the administrative acts of the executor, and it is the muniment of title under which each distributee holds his share of the estate. While it gives the executor gieat latitude of discretion in many matters connected with the management of the estate, it relieves him of none of the obligations which the law imposes in the discharge of such trust. It is, therefore, necessarily the basis of an account in such a case, and ought to have been construed by the chancellor for guidance of the master in taking the account. It is not our province here to construe the testator’s will, but if it be properly construed in the bill, the exceptions taken in the fifth and sixth assignment of error, as to charging interest on the advancements, may under the extraordinary circumstances of this case be well maintained, more especially so as the executor in his pleadings has treated the charges against complainants and others as advancements and not as debts due the estate. Taking the facts stated in the bill as true, we think that justice has not been administered with an even hand in this case. As the case is presented we are not called upon to give our impressions of it as gathered from a careful reading of the pleadings and proof; but while regretting exceedingly that this litigation cannot be ended here, and at once, we are constrained to hold that the chancellor erred in allowing the demurrer. This account, we think, should be recast, and the interests of the parties are so connected that it should be recast as a whole, and as to all the heirs and distributees of Gen. Cheatham, for the one cannot be taken without the other. It is one of those eases, however, that ought to be settled at once by a fraternal family compromise. If that be impracticable, the chancellor should see to it that it be not complicated bv much longer delay. The length of the litigation, the *584 large interests involved, tlie importance of healing, as rapidly as may be, tire wounds of an unhappy family feud, and not least of all these, the task of reconciling the account in this case with the manifest intention of the testator, all these combino in appealing to the integrity of court and counsel, and tasking the industry of both, to bring the litigation to such r finality, as will harmonize with that sensitive and affectionate longing for right and justice, which it is the pervading spirit of Richard Cheatham’s will, as it was the inspiration of his life.
Reverse the decree and remand the cause.