# Foy,  *et al.*  *v.*  Barr.

## *Bill to Quiet Title.*

[DECIDED Nov. 30, 1905, 39 So. REP. 578.]

1.  *Quieting Title; Possession.*—A bill filed by one in possession of land cannot be maintained unless such possession be peaceable and undisputed, as distinguished from a disputed or scrambling possession.

APPEAL from Barbour Chancery Court.

Heard before Hon. W. L. PARKS.

This is a bill filed by Barr v. the members of the firm of Foy Bros., seeking to quiet title to certain land described in the bill.  The evidence tended to show that Barr held a legal title to the land, but at the time of the filing of the bill Foy Bros. was in possession of the part of the land to which title was sought to be quieted.  The facts sufficiently appear in the opinion.  From a decree granting complainant the relief sought, respondents appeal.

A. H. MERRILL, for Appellant.—The fact that complainant was in possession of a part of Sec. 19 to which

respondents asserted no claim, did not authorize complainant to try the title to the remaining part in the chancery court, when complainant knew that respondents were in the adverse possession of it at the time the suit was commenced.—*Adler, et al. v. Sullivan*, 115 Ala. 582. Complainant's possession was not peaceable as distinguished from, disputed or contested possession, hence this suit was unauthorized.—Section 809, Code 1896; *Smith, et al. v. Gordon*, 136 Ala. 495; *Williams v. Lawrence*, 123 Ala. 588; *Belcher v. Scruggs*, 125 Ala. 336; *Parker v. Boutwell*, 119 Ala. 297; Weedon's deed to bar is void because Foy Bros. were in possesion of the land at the time of the conveyance.—3 Brickell's Digest, 18.

S. H. DENT, JR., and PEACH, THOMAS & PEACH, for Appellee.—The demurrer to the bill is without merit.— *Adler, et. al. v. Sullivan*, 115 Ala. 585. This being true, the omission of the chancellor to rule thereon directly is harmless error, and the decree is impliedly an overruling of the demurrer.—*Langley v. Andrews*, 142 Ala. 665. The exception in the deed from Doughtie to Weedon being void for uncertainty, Weedon acquired title to all of Section 19, and Barr acquired all the title that Weedon had—*Frank v. Meyers*, 97 Ala. 442; *Morris v. Giddons*, 101 Ala. 571; *Bromberg v. Smee*, 130 Ala. 601. Such being the state of the title, and both respondent and complainant claiming from the same source, the constructive possession of all the land was in the complainant.—*Smith v. Gordon*, 136 Ala. 498; 1 Am. & Eng. Ency. of Law, (2d Ed.) p. 869, 870 and 871. The holder of the legal title being in actual possession of part of the land has constructive possession of it all.—Authorities above. Therefore the respondents right must rest alone on actual adverse possession, who must bear the burden of such proof.—*Dothard v. Denson*, 72 Ala. 541; *Chastang v. Chastang*, 141 Ala. 451; 1 Am. & Eng. Ency. of Law, (2d Ed.) 887-888.

The acts of possession testified to by respondents witnesses are not sufficient to show actual adverse possession of the woodland.—*Bailey v. Irby*, 10 Am. Dec. 610. and cases cited in note; 106 Ala. 262-263; 125 Ala. 89;

90 Ala. 383-384; 104 Ala. 351-631; 122 Ala. 367-368; 124 Ala. 267; 108 Ala. 562.

Cow pasture on the lands, and cutting trees, not sufficient to constitute adverse possession.—*Royal v. Lessee,* 60 Am. Dec. 712; *Denham v. Holman,* 71 Am. Dec. 198; For other strong cases, see 65 Am. Dec. 647; 91 Am. Dec. 186; 62 Am. Dec. 173.

In cases of mixed possession actual inclosure of woodland is necessary to constitute adverse possession in the holder of color of title.—*Armstrong v. Risteau,* 59 Am. Dec. 115; *Bailey v. Irby,* 10 Am. Dec. 722, and cases cited in notes; *Hall v. Powell,* 8 Am. Dec. 722.

ANDERSON, J.—While a party who has either the actual or constructive possession of land may maintain a bill under section 809 of the Code of 1896, said possession must be peaceable and undisputed, as distinguished from a disputed or scrambling possession.— *Ladd v. Powell,* 144 Ala. 408; *Lyon v. Arndt,* 142 Ala. 486, 38 South. 242; *Randle v. Daughdrill,* 142 Ala. 490, 39 South. 162; *Brand v. U. S. C. Co.,* 128 Ala. 579, 30 South. 60; *Adler v. Sullivan,* 115 Ala. 582, 22 South. 87. Not only does all of the evidence of respondents establish a posssesion in them when the bill in this case was filed and for some time prior thereto, but they are supported by the evidence of the complainant himself, who says: "I have never been in possession of said land. I was not in possession of said land in February, 1902, and have never been in possession of said land. I found Foy Bros., the respondents, in possession of the land on October 30, 1900."

We agree with counsel for appellee that constructive possession of land is in him who has the legal title, provided no one else has the actual possession; but in the case at bar the weight of the evidence not only puts the actual possession of the cleared land in the respondents, but the woodland also. They cleared and brought into cultivation a part of it, constantly cut wood and timber off of it, paid taxes on it and kept trespassers off, and used a good portion of it as a pasture, which was inclosed by a fence. In fact, they put the land to almost every

[Davis, *et al.* v. Denham.]

use to which it was in its uncultivated nature adapted. It is unnecessary for us to determine the question of title in this case, as the complainant cannot maintain his bill, regardless of title. Neither do we mean to hold that the possession of the respondents has ripened into a title, regardless of the paper title. We simply hold that, as the complainant had neither the peaceable or undisputed possession of the land, actual or constructive, when the bill was filed, he is not entitled to the relief sought.

The chancellor erred in granting the complainant relief and a decree will be here rendered reversing the decree of the chancellor and dismissing the bill.

Reversed and rendered.

HARALSON, TYSON, and DENSON, JJ., concur.

