# Moore *v.* Alabama National Bank.

*Bill in Equity to compel the Determination of Claims to Real Estate and to quiet Title thereto.*

1. *Statutory bill to compel the determination of claims to real estate and to quiet the title thereto; what averments necessary to give equity.*—In order to maintain a bill under the statute to compel the determination of claims to real estate and to quiet the title thereto, (Code, §§ 809-813), it is necessary for the complainant to aver all the jurisdictional facts as contained in the statute; and, therefore, a bill which does not aver that there was no suit pending "to enforce or to test the validity of such title, claim or incumbrance," but simply avers "that there is now no suit pending between your oratrix and" the defendant, "to enforce or test the validity of such alleged title or claim," is insufficient to give the court jurisdiction, and is subject to demurrer.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. JOHN C. CARMICHAEL.

The bill in this case was filed under the statute by the appellant, Maggie D. Moore, against the Alabama Na-

tional Bank, to compel the determination of claims to real estate and quiet the title thereto. It was averred in the bill that the complainant was the owner of and "in the actual peaceable possession" of certain real estate situated in the city of Birmingham, which was specifically described. It was then averred "that the said Alabama National Bank claims to be the owner of said property above described, and claims some kind of interest in said premises or a part thereof, the exact nature of which is to your oratrix unknown, and said Alabama National Bank denies and disputes the validity of the title of your oratrix to said premises." The bill then continued with the following averments: "Your oratrix further shows that there is now no suit pending between your oratrix and said Alabama National Bank to enforce or test the validity of such alleged title or claim."

The prayer of the bill was that the defendant be required to show what right, title or interest it might have in and to said real estate, and set forth and specify what title, claim or incumbrance it has in or to said real estate, and how and by what instrument the same is derived or created, and that upon the final hearing of the cause, that the right, title, claim, interest, or incumbrance of the defendant be declared unlawful and invalid, and that it be adjudged and decreed that any claim, title or interest of the defendant be annulled and cancelled and that complainant be decreed to have an absolute right and title to said property.

To this bill the defendant demurred upon the following grounds: 1. Said bill does not set forth such facts as give the court jurisdiction. 2. Said bill does not allege, as is specifically required by the statute, that there is "no suit pending to enforce or test the validity of such title, claim or incumbrance as complainant seeks to have settled."

Upon the submission of the cause upon the demurrer, the chancellor rendered a decree sustaining said demurrer and allowing the complainant fifteen days within which to amend her bill. From this decree the complainant appeals, and assigns the rendition thereof as error.

JOHN J. MOORE, for appellant.

HENRY U. SIMS, *contra.*—It is necessary that the bill should allege every fact needful to original jurisdiction for a bill under the statute.—*Cheney v. Nathan,* 110 Ala. 254; *Adler v. Sullivan,* 115 Ala. 582; *Parker v. Boutwell,* 119 Ala. 297.

And under a statutory proceeding, a party can raise only what the statute intended, and can get the relief which he deserves on those facts.—*Adler v. Sullivan,* 115 Ala. 582, 586.

And, indeed, whatever more is in the bill, those facts must appear in order to give ground for statutory relief.—*Sloss-Sheffield Co. v. Trustees,* 130 Ala. 403; *Bledsoe v. Price,* 132 Ala. 621.

HARALSON, J.—The bill was filed under sections 809-813 of the Code, which have reference to "the determination of claims to lands and to quiet title." Section 809 provides, "that a person answering the condition therein, when his title to the lands, or to any part thereof is denied or disputed, or any other person claims or is reputed to own the same, or any part thereof, or any interest therein, or to hold any lien or incumbrance thereon, and no suit is pending to enforce or to test the validity of such title, claim or incumbrance," may "maintain a suit in equity to settle the title to such lands, and to clear up all doubts or disputes concerning the same."

The bill, not following the provisions of this section in reference to the pendency of any suit "to enforce or to test the validity of such title, claim or incumbrance," simply averred, "there is now no suit pending between your oratrix and said Alabama National Bank, to enforce or test the validity of such alleged title or claim." For this failure in the bill to follow this requirement of the statute, the defendant questioned its sufficiency by demurrer, which the court sustained, giving the complainant fifteen days within which to file an amendment.

It thus appears that the allegation of the bill, called in question by demurrer, was not made from mere want of caution on the part of the pleader, but was the result

of deliberation, on which he desired to risk the equity of the bill. It will be seen, that the averment does not follow the language of the statute, but is a departure therefrom. The language of the bill as to the pendency of a suit is, as has appeared, that there is no suit pending between complainant and defendant, "to enforce or test the validity of such alleged *title or claim,*" of defendant to the land, whereas, the provisions of the statute as to this matter is, that "no suit is pending, (not between complainant and defendant) to enforce or test (not defendant's title or claim as is averred, but) *the validity of such title, claim, or incumbrance.*" It may well be conceived,—admitting the truth of the averment of the bill, that there was no suit pending between the complainant and defendant for the purpose specified,—that there may have been a suit pending between the defendant and some one else, in which the title to complainant to the lands might be determined; and that, aside from the mere question of title, the defendant might have held "a lien or incumbrance" on the land, which there was a pending suit to determine. This averment of the bill falls short of statutory requirements for the maintenance of a bill of this character.—*Weaver v. Eaton, ante* p. 247; 35 So. Rep. 647. We are impressed it is the safer and better rule to require the bill, in this respect, to preserve substantially the language of the statute. The chancellor did not err in his ruling.

Affirmed.