# Osborne *v.* Waddell.

*Bill Filed Originally for Partition.*

(Decided February 6, 1912.  57 South. 698.)

1. *Equity; Bill; Multifariousness.*—The bill as originally filed and the various amendments thereto made considered and it is held that if the bill be regarded as a bill to quiet title it is multifarious and demurrable as such.

2. *Taxation; Tax Sales; Redemption; Remedy.*—The remedy at law for redemption from tax sale provided by sections 2313, 2314, Code 1907, is adequate and complete and exclusive, and hence, a bill in chancery will not lie to enforce a right of redemption from tax sale.

3. *Contract; Lien; Release of Property.*—An offer by a purchaser at a tax sale to release the property from a lien upon the payment of a specified sum, or the amount of the purchase money, taxes and

interest, is not enforceable, where it has not been shown to have been accepted.

4. *Fraud; Statute of; Interest in Land.*—A parol agreement by the purchaser of land for taxes to release the lien on payment of a specified sum is within the statute of frauds and not enforceable.

APPEAL from Montgomery City Court.

Heard before Hon. WILLIAM H. THOMAS.

Bill by Camilla G. Waddell, originally filed against her children for partition, and afterwards amended as noted in the opinion so as to make W. J. Osborne, a party respondent. From a decree overruling Osborne's demurrers, he appeals. Reversed, rendered and remanded.

J. LEE HOLLOWAY, for appellant. The bill as finally amended was subject to a general demurrer. First, because she had no interest in the property.—*Capehart v. Cuffey,* 130 Ala. 425; 2nd, because the bill was not filed within the time provided by section 2311, Code 1907, and 3rd, because the bill is multifarious as pointed out by demurrers 2 and 3.—*McIntosh v. Alexander,* 16 Ala. 87; *Adams v. Jones,* 68 Ala. 117; *A. G. S. v. Prouty,* 149 Ala. 71; *Bentley v. Barnes,* 47 South. 159. The contract set up is not enforceable because not acted on, and because it is within the statute of frauds.

GEORGE STOWERS, for appellee. Under sections 2313-4, the minors have a clear right to redeem, and the statute of limitations has no application to them until after their majority. Redemption by one inures to the benefit of all.—*Scott v. Brown,* 106 Ala. 604. Under the provisions of section 5231, Code 1907, the court has jurisdiction irrespective of Osborne's claim of title or his denial of title in complainant.

SOMERVILLE, J.—The complainant filed her original bill against her two minor children for the purpose

of selling for division certain real estate alleged to be jointly owned by her and them.

The bill alleged that there had been a sale of the land for taxes in September, 1902, under a decree of the probate court; and that upon the expiration of the two years allowed for redemption a tax deed was executed to Leah Rice, who has paid all subsequent taxes, and who now offers to release her interest to complainant and respondents for the sum of $80. This allegation was made with a view to the apportionment of this incumbrance to the several shares of the joint owners.

An amendment was filed, as follows: "Since the filing of said bill, one W. J. Osborne claims to have become the owner or purchaser of the interest in said real estate owned by the said Rice in a manner unknown to your oratrix. Complainant alleges that if said Osborne has purchased or otherwise become the owner of the interest of said Rice in said real estate he did so with notice of the agreement or offer of said Rice as to the redemption of said real estate as set forth in said bill, and is now bound by the same."

This Osborne is, by the amendment, made a party defendant to the bill, with the prayer that the court "adjudicate the interest of said Osborne in said property, and to decree that he only has a lien on said property for the purchase price paid at said tax sale, costs, and subsequent taxes and interest thereon, and complainant and said infants allowed to redeem said property." It is somewhat difficult to grasp the theory underlying this amendment; but, whatever the theory may be, the amended bill is subject to numerous and vital objections by Osborne. If it be regarded as a bill to quiet title, it is multifarious, as was held in the recent case of *Brown v. Feagin,* 174 Ala. 438, 57 South. 20, to say nothing of other deficiencies.

On the other hand, if it is a bill to enforce the right of redemption from a purchaser at tax sale, it is wholly without equity, so far as Osborne is concerned; for the remedy at law, as provided by sections 2313 and 2314 of the Code, is not only adequate and complete, but also exclusive. The minor children may, of course, redeem under the statute at any time within one year after the removal of their disabilities. But they are not asking for redemption, and the bill shows that complainant is not entitled to it.

And, finally, if, as seems most likely, the bill is intended as one to enforce the specific performance of an agreement to release the property upon the payment of $80, or the amount of purchase money, taxes, interest, etc., it is fatally defective in not showing an enforceable contract. The mere unaccepted offer on the part of Osborne's grantor to complainant was in no sense an agreement; and, if it had become a contract by complainant's seasonable acceptance of its terms, it would still be unenforceable if not shown to be in writing, as required by the statute of frauds. In this aspect, also, the bill would be clearly multifarious, as above pointed out.

It is not necessary to pass upon other points raised by the demurrers, since it is clear that this bill cannot be prosecuted against appellant. The trial court erred in overruling the demurrers pointing out the defects above noted, and its decree will be reversed and one here rendered, sustaining them.

Reversed, rendered, and remanded. All the Justices concur.