BURGIN et al. v. HODGE et al. (6 Div. 570.)

(Supreme Court of Alabama. April 13, 1922.)

1. Quieting title ⊜⇒12(9)—Complainant must allege and prove peaceable possession.

In actions under Code 1907, § 5443, to quiet title to land, complainant must allege and prove peaceable possession, actual or constructive, as distinguished from a disputed or scrambling possession.

2. Quieting title ⊜⇒35(1), 44(3)—That mortgagee died leaving his wife as sole owner of his interest held insufficient to show title in the wife.

Averments of bill in suit to quiet title to land, that since the execution of the mortgage the mortgagee has died, leaving his wife the sole owner of his interest, and the proof or lack of proof supporting it, was insufficient to show title or interest of the wife in the land, in view of Code 1907, § 3754, subd. 6, where there was no allegation or proof that the wife of the mortgagee was ever in possession of the land.

3. Homestead ⊜⇒118(5)—Mortgage signed by husband alone held not to convey a homestead right.

A mortgage on a homestead, signed by the husband alone, did not convey a homestead right or interest of the mortgagor to the mortgagee, in view of Code 1907, § 4161, providing that a mortgage on a homestead must be signed and acknowledged by the wife apart from the husband.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge

Bill by George W. Burgin and others against U. S. Hodge and others, to cancel certain deeds and mortgages and to declare certain other deeds valid. There was answer and cross-bill, and from a decree granting affirmative relief under the cross-bill, and denying relief under the original bill, complainants appeal. Affirmed.

The bill alleges entry by George W. Burgin under the homestead laws of the United States government of the lands in question, and his continued occupancy thereof until the year 1912; that in 1905 said George W. Burgin executed a mortgage, in which his wife joined, to Nelson Burgin and Stella Hicks, conveying the land to secure a debt then due the said mortgagee, and that this debt remained unpaid, both as to principal and interest, and in order to pay same said George W. Burgin and wife conveyed by war-

ranty deed, duly executed and delivered, to Nelson Burgin and Stella Hicks in good faith to the said above-described lands; that some time in the year 1907 J. W. Miller obtained an open judgment against George W. Burgin, and following up said judgment had execution issued thereon and levied upon the land, and that under said execution and levy sale thereof was made by the sheriff; that S. D. Logan became the purchaser, and by conveyances the land became deeded to J. W. Miller. The bill avers that, all during the time of the judgment the execution thereon, the sale, and the conveyances, the land was a constitutional homestead of George W. Burgin, and that this fact was well known to J. W. Miller. The bill then sets out the various transfers from Miller into the other parties, made respondents.

The answer and cross-bill denies that the mortgage and deed to Nelson Burgin and J. D. Hicks was joined in by the wife of George Burgin, admits that George Burgin occupied the land, sets up the judgment against George W. Burgin in favor of J. W. Miller, alleges that the sale was in all things regular, and that it passed title to the homestead, since no claim of homestead exemptions was made or filed at or prior to the time of said sale, and prays that the conveyances by which respondents claim to hold the land be declared valid and binding.

Pinkney Scott, of Bessemer, for appellants.

The land was a homestead, and not subject to sale under execution, and Miller acquired no title or interest in the land and hence could convey none. 149 Ala. 117, 43 South. 31; 128 Ala. 550, 29 South. 584; 107 Ala. 170, 18 South. 396, 36 L. R. A. 308; 99 Ala. 411, 13 South. 80; 100 Ala. 203, 13 South. 937. The mortgage was good and valid, and Miller could acquire no title against it, nor could he object to its form or deficiencies. 203 Ala. 561, 84 South. 267; 185 Ala. 275, 64 South. 74; 107 Ala. 562, 19 South. 774.

S. D. Logan, of Centerville, and McEniry & McEniry, of Bessemer, for appellees.

The bill was not good as a bill to quiet title. Section 5443, Code 1907; 85 Ala. 56, 4 South. 140; 145 Ala. 159, 41 South. 296, 117 Am. St. Rep. 26; 142 Ala. 486, 38 South. 242. Stella Hicks is not shown to have any interest in the matter at all. Subdivision 6, § 3754, Code 1907. Nelson Burgin and Stella Hicks acquired no title under the mortgage or the deed, since it is alleged the land was a homestead, and it appears that the wife of George Burgin did not sign same. Section 4161, Code 1907; 55 Ala. 344; 179 Ala. 587.

The cross-bill sufficiently shows title, under the execution sale, in Miller and his transferees. 2 Ala. 676, 36 Am. Dec. 427; 5 Ala. 58; 16 Ala. 114; 19 Ala. 188; 75 Ala. 57.

THOMAS, J. [1] The bill and proof were insufficient under the statute to quiet title to real estate. Code, § 5443; Davis v. Daniels, 204 Ala. 374, 85 South. 797. It is not averred and shown that complainants were in the peaceable possession of the land, actual or constructive, as distinguished from a disputed or "scrambling possession." Foy v. Barr, 145 Ala. 244, 39 South. 578; Carr v. Moore, 203 Ala. 223, 82 South. 473.

[2] The foundation of complainants' claim or title to the land is upon an alleged mortgage, purporting to have been executed by George W. Burgin and others (not by his wife) to Nelson Burgin and Joe Hicks, the deceased husband of complainant Stella Hicks. The averment of the bill as to said Hicks is that since the date of the execution of said mortgage, on or about May 25, 1906, Joe Hicks has died, leaving Stella Hicks the sole owner of his interest in said debt (meaning the mortgage). This averment, and the proof or lack of it supporting the same, gave Stella Hicks no title or interest in the land. Code, § 3754, subd. 6. There was no allegation or proof that complainant Stella Hicks was ever at any time in possession of the land.

[3] Under the phase of the bill seeking to show a superior title in Nelson Burgin and Stella Hicks under the mortgage by George W. Burgin to Nelson Burgin and Joe Hicks, and the averred reason that the land sought to be made the subject of the mortgage was, at the time of the execution of the same, the homestead of George W. Burgin, the proof fails, for that George W. Burgin testified that at the date of his execution of that mortgage (on or about May 25, 1906) he was living on the land with his first wife, Stella, and their children, and that she did not sign the mortgage. An examination of the mortgage exhibited discloses that such grantor in possession giving the mortgage, was not joined therein by the wife. Such a conveyance did not convey a homestead right or interest of the mortgagor to the grantees therein, Nelson Burgin and Joe Hicks. Code, § 4161; Williams v. Kilpatrick, 195 Ala. 563, 70 South. 742. Where the lands sought to be conveyed were of less area and value than that allowed by law and were at the time of the attempted conveyance occupied as a homestead, and the attempted conveyance was signed by the husband alone, or the same is defectively executed by the wife, it has been declared to be a nullity. McGuire v. Van Pelt, 55 Ala. 344; Wallace v. Feibelman, 179 Ala. 589, 60 South. 290.

Respondent Miller and those holding under him sufficiently showed that they had derived title through a judgment against said George W. Burgin execution thereon, levy thereof, and a sale thereunder, which was averred by the bill admitted by the answer of respondents and shown by exhibits in evidence pertaining to same—the necessary requirements being in such a case "a judgment, execution, levy, and the sheriff's deed."

Ware v. Bradford, 2 Ala. 676, 36 Am. Dec. 427; Love v. Powell, 5 Ala. 58; Smith v. Houston, 16 Ala. 111, 114; Clark v. Spencer, 75 Ala. 49, 57. In the Clark-Spencer Case, supra, Mr. Justice Stone observed of a defendant in execution that if he "knowingly permit his property to be seized and sold, without interposing his claim to its exemption, he will be held to have thereby waived his right to claim, and would not be heard afterwards to complain. This rests on the principle that exemption is a privilege which may be waived, and is waived, if not properly asserted." Kennedy v. First Nat. Bank, 107 Ala. 170, 18 South. 396, 36 L. R. A. 308; Autauga Bank. & Tr. Co. v. Chambliss, 200 Ala. 87, 89, 75 South. 463; Lewis v. Lewis, 201 Ala. 112, 77 South. 406; Cross v. Bank, 203 Ala. 561, 84 South. 267. Authorities to the effect that a creditor cannot impeach a sale of property that is exempt as a homestead (Fuller v. Whitlock, 99 Ala. 411, 13 South. 80; Pollak v. McNeil, 100 Ala. 203, 13 South. 937; First Nat. Bank v. Browne, 128 Ala. 557, 29 South. 552, 86 Am. St. Rep. 156) are without application to an attempt to convey land by an instrument that was void by reason of failure of statutory compliance.

The answer of respondents, by way of a cross-bill, sought affirmative relief, by praying for relief against the complainants, for cancellation of the alleged conveyance of date June 21, 1912, of George W. Burgin to Nelson Burgin and Stella Hicks and the two alleged mortgages set up by the bill, as clouds upon the title of respondent Miller and those holding under him, was sufficient to the controverted question, and under the evidence warranted the affirmative relief granted in the final decree.

The decree of the circuit court in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.