(99 South. 115)

HICKS et al. v. STONE. (6 Div. 36.)

(Supreme Court of Alabama. Feb. 7, 1924.)

Quieting title ⊜35(3)—Complaint must allege "peaceable possession" of complainant.

In an action under Code 1907, § 5443, to quiet title to land. complainant must aver as against a demurrer that he is in "peaceable possession," though section 5444 specifies he must allege "possession and ownership."

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity to quiet title by Robert C. Stone against Juanita Hicks and others. From a decree overruling demurrer to the bill, respondents appeal. Reversed and remanded.

W. M. Spencer, Jr., and Lange & Simpson, all of Birmingham, for appellants.

In order to maintain a bill to quiet title, it is necessary that the bill allege complainant is in peaceable possession. Code 1907, § 5443.

J. Wiley Logan, of Birmingham, for appellee.

No brief reached the Reporter.

BOULDIN, J. This is a statutory bill to quiet title. Code 1907, § 5443 et seq. The bill avers that "complainant is the owner and in possession" of the lands described. The demurrer goes to the point that the bill does not show "such possession" as will warrant relief, and does not aver "proper possession" in complainant.

The sole question here presented is: Must the bill aver the complainant has "peaceable possession" or merely "possession" of the lands, in order to be good against demurrer?

Section 5443 of the Code of 1907 sets forth the conditions, or concurrent facts, upon which the right to statutory relief is made to rest. This section defines the possession of complainant as a "peaceable possession."

Section 5444 has as its headline, "Contents of Bill." In setting out these contents it says the bill "must allege the possession and ownership" of complainant. The pleader here followed the substance of the latter section.

Two lines of construction have been entertained by the bar. One view is that section 5444 sets out all the necessary averments of the bill; that the conditions named in section 5443, and not in section 5444, are defensive or negative in character, and if litigated should be presented in the answer. The other view is that, construing both sections together, sound pleading demands that all the conditions named in section 5443 should be set forth in the bill; that the phrase "possession and ownership" in section 5444 must conform in character to the possession and ownership defined in section 5443; that the main purpose of section 5444 is to set forth the added provision for statutory discovery, viz. "must call upon him (respondent) to set forth and specify his title, claim, interest, or incumbrance, and how and by what instrument the same is derived and created."

The original act "to compel the determination of claims to real estate in certain cases and to quiet the title to the same" (Acts 1892–93, p. 42) was not divided into sections with headlines as now appears in the Code. Section 1 of the original act was divided into sections 809 and 810 of the Code of 1896, now sections 5443 and 5444, Code of 1907.

In Parker v. Boutwell, 119 Ala. 297, 24 South. 860, this court construed the original act, and held that—

"Under this original act, the averment that no suit was pending to enforce or test the validity of such title, claim or incumbrance was an averment essential to the maintenance of the bill. * * * The object of this necessary provision of the statute was to show that complainant was in the 'peaceable possession' of said land, undisturbed by pending litigation. Unless one should be in peaceable, undisturbed possession of the land, the condition upon which the statute authorizes a suit to be instituted thereunder would not exist."

This decision was rendered after the Code of 1896 became effective. The court expressly refers to the fact that the case arose under the original statute, and does not intimate what the ruling should be under the Code.

In Moore v. Alabama Nat. Bank, 139 Ala. 273, 35 South. 648, however, the same rule was applied to the statutes as codified.

It is now the established construction that the averment of no suit pending, set out in section 5443, but omitted from section 5444, is necessary as against demurrer to the bill. Shannon v. Long, 180 Ala. 128, 60 South. 273; Bolen v. Allen, 150 Ala. 201, 43 South. 202.

"To maintain a bill under the statute for the determination of claims to real estate and to quiet title thereto, it is necessary for the complainants to aver and prove that at the time of the institution of the suit the complainants' possession of the land involved was peaceable, as contradistinguished from disputed or contested possession, and that it was under claim of ownership. Lyon v. Arndt, 142 Ala. 486, 38 South. 242; Randle v. Daughdrill, 142 Ala. 490, 39 South. 162." Kinney v. Steiner Bros., 167 Ala. 494, 495, 52 South. 593.

In Burgin v. Hodge, 207 Ala. 315, 316, 93 South. 27, it is said:

"The bill and proof were insufficient under the statute to quiet title to real estate. Code, § 5443; Davis v. Daniels, 204 Ala. 374, 85 South. 797. It is not averred and shown that complainants were in the peaceable possession of the land, actual or constructive, as distinguished from a disputed or 'scrambling possession.' Foy v. Barr, 145 Ala. 244, 39 South. 578; Carr v. Moore, 203 Ala. 223, 82 South. 473."

See, also, Davis v. Daniels, 204 Ala. 374, 85 South. 797; White v. Cotner, 170 Ala. 324, 54 South. 114; Joiner v. Glover, 201 Ala. 279, 78 South. 55.

The settled construction of the statute now is that the bill of complaint should set forth, in the language of section 5443, or words of like import, all the conditions therein stated upon which the right to relief depends. This should be followed either in the body or prayer by the call upon the respondent to specify his title or claim as required by section 5444. Slosson v. McNulty, 125 Ala. 124, 29 South. 183, 82 Am. St. Rep. 222; Meyer v. Calera Land Co., 133 Ala. 554, 31 South. 938. An omission of any of these averments renders the bill subject to demurrer.

The court below erred in overruling the demurrer.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.