(114 So. 360)·
### SCREWS v. HEARD. (6 Div. 905.)

Supreme Court of Alabama. Nov. 3, 1927.

**1. Taxation** ⬷⇒809(2)—**Bill alleging respondent was in possession held demurrable in suit· by holder of register's deed against holder of tax deed to settle title (Code 1923, §§ 9905, 9906).**

In suit to settle title by holder of register's deed as against one claiming under tax deed, bill alleging that respondent was in possession and refused to deliver up property *held* subject to demurrer under Code 1923, §§ 9905, 9906, for failure to show peaceable possession of complainant as required by statute.

**2. Quieting title** ⬷⇒23—**Peaceable possession, actual or constructive, by complainant, is condition precedent to suit to settle title (Code 1923, §§ 9905, 9906).**

In order to maintain suit in equity to settle title under Code 1923, §§ 9905, 9906, complainant must be in peaceable possession, either actual or constructive, of lands involved.

**3. Taxation** ⬷⇒797—**Question of paramount title between complainant in suit to settle title claiming under register's deed and respondent in possession under tax deed held determinable in ejectment.**

Question of paramount title and right to possession, as between complainant in suit to settle title claiming under register's deed and respondent in possession claiming under tax title, *held* determinable in proceeding at law by

---

⬷⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ejectment or statutory action in nature of ejectment.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Bill in equity by John T. Heard against John T. Screws and others. From a decree overruling a demurrer to the bill, the named respondent appeals. Reversed and remanded.

The bill is filed by complainant, Heard, against respondent, Screws, Robert S. Bohannon, and the Lake Cohassett Company. It alleges that in 1922 Heard brought suit in equity against Bohannon and wife seeking to establish an equitable mortgage or lien, in which it was decreed (1924) that respondents there were due the complainant a sum stated, and that, from the filing by complainant of lis pendens notice, he should have an equitable mortgage upon the real estate in suit, and further decreeing a foreclosure of said equitable mortgage in event of failure of payment of the amount decreed; that in accordance with said decree the register (in January, 1925) sold the real estate at public outcry, Heard becoming the purchaser thereof at and for a sum less than the amount of the decree, whereupon the register (on January 26, 1925) executed and delivered to complainant, Heard, a deed conveying to him the title of the respondents Bohannon and wife, but mistakenly designating him as J. S. instead of John T. Heard. It is further alleged that lis pendens of said suit was filed for record on the day the said suit was begun; that the amount of the decree against Bohannon and wife is still unpaid except credit of the amount bid by complainant at the said sale for said land; that there is still due upon said decree all the costs of the cause and interest on the balance of said decree, all of which, together with the amount of said bid and 10 per cent. thereon, complainant claims would have to be paid him as a condition to redemption by any one having the right to redeem. It is further alleged that respondent, Screws, claims to have purchased the said lands from the state of Alabama by auditor's deed, dated January 15, 1925, said deed reciting that on April 25, 1921, the probate court of Jefferson county rendered a decree for the sale of the surface rights of said lands for payment of state and county taxes then due from the owner, Bohannon, fees, costs, etc.

It is averred that said alleged tax deed was defective and did not convey the title to said Screws; that shortly after Screws received said auditor's deed he went into possession of said lands and is still in possession thereof. It is averred that demand was made upon Screws and Bohannon for possession of said lands more than ten days before filing this bill. Further, it is alleged that the Lake Cohassett Company was organized and incorporated at the instance of Bohannon for the purpose of taking over, holding, and pro- tecting from his creditors the lands in suit; was not organized in good faith for the carrying on of any legitimate business, all the 30 shares of its capital stock subscribed, except three, being subscribed for by Bohannon and paid for by a conveyance of said lands by Bohannon to said corporation, for the purpose and intent of hindering, delaying, and defrauding the creditors of Bohannon, who then owned said real estate in his own name; that said Bohannon was at that time and has been ever since largely indebted to sundry parties, then owing to complainant the amount for which the decree above mentioned was rendered, and being without said lands, wholly insolvent; that at the time of the organization of said corporation and of the conveyance by Bohannon, said Bohannon was the owner of the legal title to said lands and has ever since been and is now the owner of said lands in equity and good conscience, and that said corporation is not entitled to hold said lands as against said register's deed to complainant nor as against the creditors of Bohannon. It is averred that there is no other suit pending to test or enforce the validity of the title to said lands.

The prayer is for cancellation of the tax deed to Screws and the conveyance by Bohannon to the corporation as clouds upon complainant's title, and seeks, also, to join all creditors of Bohannon who may have a statutory right to redeem said lands from the register's sale.

Fort, Burton & Jones, of Birmingham, for appellant.

There is no equity in a bill to adjudicate the merits of the title to land where the party bringing the bill is not in possession of the land. If complainant is not in possession, a court of equity will remit him to a court of law to try the merits of his title in an action of ejectment, which affords an adequate remedy. 21 C. J. 65; 32 C. J. 1308, 1335.

Harsh & Harsh, of Birmingham, for appellee.

Brief did not reach the Reporter.

THOMAS, J. The appeal is by one of the respondents to a bill filed "to settle the title to real property and to clear up all doubt and disputes concerning the same."

The statutes having application and often construed by this court are sections 9905, 9906, Code of 1923, and have not been changed since the Code of 1907, §§ 5443, 5444.

[1, 2] It is averred that the parties named had, or asserted, the interest, claim, or title indicated, that no other suit is pending to enforce or test the validity of the title to said land; avers that other named parties of respondents were in possession and refused to surrender the same on demand. The sufficiency of the bill is challenged by demurrer that it does not aver that complainant "is in peaceable possession of lands, whether actual

or constructive," etc., as required by statute and the decisions of this court. This is one of the conditions requisite to the maintenance of such suit in equity. Gill v. More, 200 Ala. 511, 517, 76 So. 453; Carr v. Moore, 203 Ala. 223, 82 So. 473; Seeberg v. Norville, 204 Ala. 20, 85 So. 505; Davis v. Daniels, 204 Ala. 374, 85 So. 797; Burgin v. Hodge, 207 Ala. 315, 93 So. 27; Miller v. Woodard, 207 Ala. 318, 93 So. 28. The earlier cases are collected in 32 Cyc. 1335, note; 21 C. J. 65, note.

[3] The question of paramount title and the right of immediate possession to the land, between the real parties in interest, Screws, with his tax deed and in possession of the land, and complainant, claiming the possession and his asserted superior title through the register's deed illustrated by the rule of record of lis pendens, as to the suit eventuating in the judgment sale and register's deed, can be determined by an appropriate proceeding at law, as ejectment or statutory action in the nature of ejectment.

The demurrer to the bill was improperly overruled. The judgment of the circuit court, in equity, is reversed and the case is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.