138 So. 548

## HOBSON v. ROBERTSON et al.
### 1 Div. 705.

Supreme Court of Alabama.

Dec. 17, 1931.

Adams & Gillmore, of Grove Hill, for appellant.

Quincey W. Tucker and Woodford Mabry, both of Grove Hill, and Pillans, Cowley & Gresham, of Mobile, for appellees.

**THOMAS, J.**

The bill was to remove a cloud from the title to real property; demurrers were sustained, and the bill was dismissed.

The facts alleged are that on February 21, 1914, complainant Hobson was the owner of the land; that he executed a mortgage on said date which was duly foreclosed (on February 14, 1916) after default; that the Jackson Bank & Trust Company became the purchaser, and on February 19, 1916, such vendee sold and conveyed said property to the respondent William Robertson, which conveyance contained the stipulation that "in the event the above described land should be redeemed by S. A. Hobson within the next two years that the said William Robinson [Robertson] shall have refunded all notes paid and returned to him all unpaid notes."

This provision for redemption was, no doubt, the predicate for the conveyance on February 11, 1918, by Jackson Bank & Trust Company of "all of the oil and gas and also all of the sulphur, potash, salts of all descriptions, and all other minerals and mineral compounds, in and under" said lands, to the said S. A. Hobson, his heirs and assigns. It will be noted that William Robertson was not a party to this conveyance and hence the suit.

The bill was filed on May 17, 1930, more than ten years after the execution of the conveyance from Jackson Bank & Trust Company to complainant Hobson.

The bill as amended pursuant to demurrer and its several exhibits will be read as one pleading and as aiding the averment of facts to the original and amended bill. Grimsley v. First Avenue Coal & Lumber Co., 217 Ala. 159, 161, 115 So. 90.

The demurrer being sustained to the bill as originally filed, the bill was amended three times, and, as finally amended, reverted substantially to the original bill, with respect to the method of redemption, by eliminating the allegations that *William Robertson was* a party to the agreement of and for redemption between Jackson Bank & Trust Company and Hobson, leaving merely the allegation that Robertson was "the recipient of the consideration therefor, in that he thereby acquired title to said lands, free from the claims of your complainant, excepting as to the oils, gases and other minerals and mineral compounds." It is further alleged, by way of conclusion from the foregoing averment of fact, that by and through said redemption, complainant became and "is the owner of all gases, oils, and other minerals and mineral compounds in and under said lands."

It is established by our decisions that one out of possession of land may not maintain a bill to remove a cloud on the title. Section 9905, Code; Drum & Ezekiel v. Bryan, 193 Ala. 395, 69 So. 483; Brown v. Hunter, 121 Ala. 210, 25 So. 924; Morgan v. Lehman, Durr & Co., 92 Ala. 440, 9 So. 314; Burgin v. Hodge, 207 Ala. 315, 93 So. 27; Carr v. Moore, 203 Ala. 223, 82 So. 473; Foy v. Barr, 145 Ala. 244, 39 So. 578; Screws v. Heard, 217 Ala. 14, 114 So. 360; Gill v. More, 200 Ala. 511, 76 So. 453; Seeberg v. Norville, 204 Ala. 20, 85 So. 505; Davis v. Daniels, 204 Ala. 374, 85 So. 797; Miller v. Woodard, 207 Ala. 318, 93 So. 28. To maintain such a bill, possession, actual or constructive, is essential and must be definitely and unequivocally averred. Wilkinson v. Wilkinson, 129 Ala. 279, 30 So. 578; Galloway v. Hendon, 131 Ala. 280, 31 So. 603; Chapman v. Chapman, 194 Ala. 518, 70 So. 121; Carr v. Moore, supra. The subject-matter in Smith v. Gordon, 136 Ala. 495, 34 So. 838, was a mineral right, as in the instant suit.

The complainant-appellant insists that such defect, or failure of averment of possession, actual or constructive, if such it is, may be remedied by amendment, and urges decision on the vital questions, of whether complainant has any right to the oils, gases, and minerals in or under said lands, or "whether he has lost them by failing to obtain a conveyance or a written agreement (to such effect or in consummation of redemption) from William Robertson." Appellant's counsel say: "We have no written agreement with Robertson and if we are not entitled to relief without such a written agreement, there would be no point in our trying to proceed further." Such was the adverse ruling of the trial court.

Was Hobson entitled, under the statute, to disregard the sale of the land by Jackson Bank & Trust Company to Robertson, and to accomplish his redemption with Jackson Bank & Trust Company (February 11, 1918), who purchased at foreclosure of mortgage and theretofore sold to Robertson on February 19, 1916? The mortgagor and redemptioner had no such right to disregard that vendee under the statute.

The decisions of this court construing the provisions of the statute (sections 5746, 5748, Code 1907) of force at the time are to the effect that redemption operates on the title, so that any statutory redemption from foreclosure of mortgage must have recourse to the repository of the title—the holder of the title

—regardless of intervening foreclosures and conveyances by which the title was acquired. Smith v. Jack, 209 Ala. 520, 521, 96 So. 419; Morrison v. Formby, 191 Ala. 104, 106, 67 So. 668; Hamilton v. Cody, 206 Ala. 102, 104, 89 So. 240; Hargett v. Franklin County, 212 Ala. 423, 103 So. 40.

In Allison v. Cody, 206 Ala. 88, 89 So. 238, 239, the court observes that: "The effectual, seasonable exercise by Cody of the statutory right to redeem *from the subsequent vendee* of the purchaser at the foreclosure sale * * * operated to invest Cody, the redemptioner under the statutory system (Code, § 5746 et seq.), with the indefeasible legal title to the lands thus redeemed." (Italics supplied.) That is to say, where property has been sold under power of sale in the mortgage, and the purchaser at foreclosure has conveyed to another person, the mortgagor must redeem from the vendee or alienee, and not from the first purchaser or vendor. Code 1907, §§ 5746–5748; Hargett v. Franklin County, 212 Ala. 423, 103 So. 40; Thompson v. Brown, 200 Ala. 382, 76 So. 298; Lehman, Durr & Co. v. Collins, 69 Ala. 127; Camp v. Simon, 34 Ala. 126. And the averred facts show that redemption was not effective against and with the vendee Robertson.

■ It may be further observed that the amended bill does not allege, nor by the facts alleged show, any agreement subscribed by Robertson in writing or note or memorandum thereof, with Hobson, that amounted to a written contract or conveyance from Robertson to Hobson as to the redemption of these lands; and, therefore, the amended bill does not avoid the statute of frauds. Bank of New Brockton v. Dunnavant, 204 Ala. 636, 87 So. 105, was for reconveyance of an equitable estate and held within the statute, section 8034, subd. 5, p. 1405, Code 1928.

Appellant's contention in argument that Robertson was a party to the redemption, although he signed no writing, is untenable. The statute, Code, § 8034 (4289), specifically provides:

"In the following cases, every agreement is void, unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party to be charged therewith, or some other person by him thereunto lawfully authorized in writing: * * *

"(5) Every contract for the sale of lands, tenements, or hereditaments, or of any interest therein, * * * unless the purchase money, or a portion thereof be paid, and the purchaser be put in possession of the land by the seller."

It has been indicated that the bank, the purchaser at foreclosure, thereafter sold the property to Robertson, and by conveyance passed title to everything that the bank owned in said lands, nearly two years before the bank sought to convey to the appellant Hobson. Robertson having theretofore acquired the bank's title in fee simple, including mineral rights, the only way that Hobson could acquire said rights was by a conveyance from Robertson. Any agreement or "acquiescence" from Robertson to Hobson, or any transaction by which Hobson hoped to acquire title to the minerals, unless in writing subscribed by Robertson, or some person by him thereunto lawfully authorized in writing, is void under subdivision 5 of section 8034 of the Code. There has been no allegation or insistence made that any purchase money was paid, nor that Hobson was put into possession by either the bank or Robertson.

The bills do not allege an agreement from Robertson in writing and subscribed by him, recognizing and giving Hobson a right in the lands, and any verbal agreement, evidenced by acquiescence on his part, would be void under the statute of frauds.

The demurrer to the bill as last amended was properly sustained.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.