142 So. 537

## ADAMS v. POWELL et al.
### 5 Div. 79.

Supreme Court of Alabama.

May 19, 1932.

Rehearing Denied June 23, 1932.

Jas. W. Strother, of Dadeville, for appellant.

Albert Hooton, of Dadeville, for appellees.

[redacted]

FOSTER, J.

Complainants filed a statutory bill to quiet the title of land in respect to claims of respondent. Both parties claimed from a common source, to wit, Alice V. Hunt, who before her death conveyed an undivided half interest to her husband, C. B. Hunt. Complainants claim as heirs of Alice V. Hunt, and respondent claims as the sole heir and child of C. B. Hunt. Alice V. Hunt left no descendants. Respondent claimed such half interest by virtue of the deed to her father, and in a cross-bill sought a sale for division, and also alleged an error in the description in the deed, and sought its reformation.

Complainants in answer to the cross-bill alleged that when Alice V. Hunt acquired the land she borrowed from C. B. Hunt a part of the purchase price, and gave him a deed to a half interest, and that while they both still lived she repaid him the amount so loaned, but that he never reconveyed it to her, though he thereafter made no claim to it. Complainants sought no relief in this respect.

The evidence shows that, before the institution of this suit, the same complainants filed a suit in equity against the same respondent, alleging that Alice V. Hunt and C. B. Hunt owned said land jointly; that Alice V. Hunt purchased from C. B. Hunt his interest and paid him the purchase price, and they separated, and did not live together, and he put her in possession, but never conveyed to her his interest and sought a specific performance of their alleged parol contract. That cause came to this court. 205 Ala. 91, 87 So. 346. It was held that complainants had not proven such a contract of sale, but that the evidence showed that they may have some other equitable relief which was not specified, and remanded the cause, so as to permit an amendment. An amendment does not appear to have been made. There is an entry on the trial docket (but it does not clearly appear to have been properly enrolled on the minutes of the court) that the cause was dismissed for want of prosecution.

Appellant on this appeal claims that such disposition of that cause is res adjudicata of complainants' rights in this. Assuming that the pleadings here are sufficient to present that question, and that the dismissal was on the merits (rule 28), and properly entered on the minutes, we are not disposed to agree with the claim.

[redacted] The theory upon which relief was sought in the first case as shown by the pleadings was that Alice V. Hunt and C. B. Hunt were joint owners of the land. It then proceeded upon the claim of an unexecuted contract of sale by him to her, and that the purchase money was paid and she was put in possession. Complainants in this suit claim that the deed was to secure a debt which has been paid, and seeks no relief in the nature of specific performance. Res adjudicata exists when "the matters of the two suits are the same, and the issues in the former suit were broad enough to have comprehended all that is involved in the issues in the second suit," and includes "what they might and ought to have litigated in the former suit." Tankersly v. Pettis, 71 Ala. 179; Glasser v. Meyrovitz, 119 Ala. 152, 24 So. 514; Wood v. Wood, 134 Ala. 557, 33 So. 347; Crowson v. Cody, 215 Ala. 150, 110 So. 46.

[redacted] In Glasser v. Meyrovitz, supra, a final disposition of a suit in equity to declare certain attachment suits to be a general assignment was held no bar to another suit by the same parties setting up the same facts but seeking to have such attachments vacated as in violation of the statute of fraud for having been commenced with the intent to defraud. While, under the statutes then in effect, such claims could not have been united in one suit in the alternative (being prior to the amendment contained in section 3095, Code 1907, section 6526, Code 1923; Lambert v. Anderson [Ala. Sup.] 139 So. 287 [1]), and while, under those statutes as now framed, such inconsistent claims may be united in the same suit in the alternative, the revision of the statute to that effect merely confers the option to join such claims, but does not make it a duty. Though not joined, the court will not declare that they ought to have been, and were therefore within the issues that should be regarded as having been made. We adhere to the rule in Glasser v. Meyrovitz, supra, that the determination of a cause in equity upon the issue and theory as made in the complaint is not conclusive of a claim inconsistent with it or based upon an entirely different theory, and leading to different equitable relief, such as in King v. Coffee, 222 Ala. 245, 131 So. 792.

[redacted] We cannot agree therefore that, because the proof in the former suit did not show a contract which was sought to be specifically performed, and relief denied to that extent, in another suit upon proper pleading, the question of whether the transaction was

[1] 224 Ala. 110.

302

an equitable mortgage is thereby precluded, as having been within the issues of the former suit.

■ As we have shown, the cross-bill alleges that eighty acres of the land described in the deed from Alice V. Hunt to C. B. Hunt were erroneously described. The other twenty-four acres involved in the suit were correctly described. Cross-complainant seeks a reformation of that deed. The answer to the cross-bill alleges that the transaction in which the deed was executed was a loan of money which has been refunded. If that is true, it was an equitable mortgage in which the debt has been paid. If so, cross-complainant has no equitable right to reform the description in the equitable mortgage, though by the payment of the mortgage debt the legal title may not have been restored to the grantor under section 9026, Code. Complainants in the original bill have only sought the statutory relief, viz., to fix and determine the validity of the claim or interest in the land held by respondent. But, in such a suit, we have held that the full nature of the title of the complainants and respondents should be determined and decreed. Grayson v. Muckleroy, 220 Ala. 182, 124 So. 217.

■ We take that to mean that, if the bare legal title is in one of the parties, and a perfect equity in the other, with no duty on the part of the latter to do anything to entitle him to be possessed of such legal title, a decree of the court which would declare such status would have the effect of fixing in complainant the legal title, and therefore the decree could so declare. The court in this case dismissed the cross-bill, and adjudged that complainants were the owners of the land, each a one-fourth, and that the respondent has no right, title, interest, or claim in it.

We think therefore that such decree was appropriate, if the deed was intended as security for a debt which has been fully repaid, and there is no other sufficient defense shown. The issue then is resolved to one of fact.

■■ The evidence does not show that in terms the deed to C. B. Hunt was agreed to be taken as security for the debt. It does show that he (the grantee) paid $250 of the purchase price, and she (the grantor) executed a deed to him for a half interest. There is evidence that she and he sold forty acres of the land for an amount exceeding $250 and that he received that amount of it, and she the remainder, and that he made repeated declarations that he had put $250 in the land and had received payment of it and had no further interest in the land. We take that all to mean that he only claimed that his interest was as security for that amount. It is not necessary that any definite set form of words be used. If such is the mutual understanding by the parties as shown by their admissions and course of conduct, the words used need not be formal or exact, in order to create an equitable mortgage.

We agree with the finding of the circuit court in that respect, which justified the decree quieting the title of complainants.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.