144 So. 442

## KING et al. v. ARTMAN.

### 8 Div. 345.

Supreme Court of Alabama.

Oct. 6, 1932.

Rehearing Denied Nov. 10, 1932.

Travis Williams, of Russellville, for appellants.

Kirk & Rather, of Tuscumbia, and E. W. Ross, of Savannah, Tenn., for appellee.

FOSTER, J.

The equity of the bill in this case is to cancel and remove a deed as a cloud upon the title of complainant, though it is not alleged by express averment to be a "cloud." It is not a statutory bill, lacking several essentials as such.

Complainant was the purchaser from Smith, but his deed was not recorded. The respondent King Mill & Lumber Company (which we will refer to as the mill company) sued out an attachment at law against Smith, as a nonresident, and levied it upon the land, resulting in a condemnation and sale of it to satisfy its claim. Complainant alleges that he was in possession of the land since long prior to the levy of the attachment up to and including the date of the filing of this bill; that the mill company, which bought at its sale, had notice of complainant's unrecorded deed.

The rule which fixes the right of one in possession of land to remove a cloud from title, or to cancel a deed held by another, when the bill is not set up in statutory form (section 9905), is that such alleged cloud consists in the fact that while upon the face of the instruments which convey the title, that of respondent appears to be superior to that of complainant, it is not so in fact by virtue of some circumstance which is not shown by such instruments, but to establish which evidence aliunde is necessary. But if the instrument shows on its face the invalidity of defendants' title, complainant has no standing in his effort to cancel it as a cloud, without

statutory allegations. Rea v. Longstreet, 54 Ala. 291; Parker v. Boutwell & Son, 119 Ala. 297, 24 So. 860; Smith v. Gilmer, 93 Ala. 224, 9 So. 588; City of Ensley v. McWilliams, 145 Ala. 159, 41 So. 296, 117 Am. St. Rep. 26; Torrent v. Mobile, 101 Ala. 559, 563, 14 So. 557; Bell v. McLaughlin, 183 Ala. 548, 553, 62 So. 798.

A judgment creditor without notice is protected against an unrecorded deed. Section 6887, Code. The sheriff's deed to the mill company recites the existence of a judgment and such recital is prima facie evidence of its rendition. Section 7706, Code; Williams v. Oates, 212 Ala. 396, 102 So. 712.

 So that the deed shows the existence of the conditions which prima facie protect the mill company as a judgment creditor, because the burden is upon complainant to prove notice to the mill company of complainant's rights.

Such notice is matter aliunde, and makes an issue within the jurisdiction of a court of equity, and shows the existence of a cloud upon the title. So that in this case, as in that of King et al. v. City National Bank (Ala. Sup.) 144 So. 31,[1] a companion case, the issue is one of fact. The two are similar in many respects, and relate to the same attachment proceedings in which both tracts were sold. This complainant had bought and paid for his land, but his deed was not recorded. Evidence of notice of his claim is in all material respects the same as that considered in the Bank Case.

It is here useless again to discuss the circumstances thus disclosed. We think it is sufficient to say that in our judgment, they show notice to the mill company of the purchase made by the complainant in this case. The circuit court therefore decreed relief without error.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

### On Rehearing.

FOSTER, J.

No decree in this case nor entry on the margin of the record of the sheriff's deed pursuant to such decree could affect any rights conveyed by that deed except in respect to the land which was described in the bill as having been sold to complainant prior to the levy of the attachment. Concerning that land alone relief was prayed. We did not think that the decree could be construed as having any other meaning when it is all taken together and in connection with the allegations and prayer of the bill. But that there may be

no question about it, we now amend the final decree so as to adjudge the invalidity of the sheriff's deed only to the extent that it conveys the land described in the bill as having been conveyed to complainant prior to the date of such sheriff's deed, and the register is directed to make the marginal entry pursuant to the decree in this cause to correspond with such specific relief thus granted.

We have reconsidered the application for rehearing in all other respects, but we are not impressed that we erred in our judgment upon any of such contentions.

The decree is modified, as above indicated, and as modified it is affirmed, and the application for rehearing is overruled and denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.