154 So. 788

### WATSON v. BAKER et al.
### 6 Div. 423.

Supreme Court of Alabama.

April 26, 1934.

Rehearing Denied May 31, 1934.

W. A. Denson, of Birmingham, for appellant.

John T. Batten, of Birmingham, for appellees.

THOMAS, Justice.

The bill was filed to clear title.

■ The effect of the statute, section 9905, Code, and the decisions thereunder, were indicated by Mr. Justice Bouldin in Hicks v. Stone, 210 Ala. 685, 99 So. 115, 116. It was there declared that "The settled construction of the statute now is that the bill of complaint should set forth, in the language" of the statute, "or words of like import, all the conditions therein stated upon which the right to relief depends," and should "be followed either in the body or prayer by the call upon the respondent to specify his title," claim, interest, or incumbrance, and how and by what instrument the same is derived and created. Hicks v. Stone, supra; Parker v. Boutwell & Son, 119 Ala. 297, 24 So. 860; Moore v. Alabama National Bank, 139 Ala. 273, 35 So. 648; McCaleb v. Worcester, 224 Ala. 360, 140 So. 595; Davidson v. Brown, 215 Ala. 205, 110 So. 384; Davis v. Daniels, 204 Ala. 374, 85 So. 797; Sibley v. Kennedy, 224 Ala. 354, 140 So. 552; Reeder v. Cox, 218 Ala. 182, 118 So. 338. It is not required to aver more of the nature and character of possession than that, at the time suit is brought, complainant's possession is peaceable (actual or constructive), and that he is claiming to own same in his own right. There is no requirement to go beyond the statute and make other or negative averment, such as that the possession is not a disputed, contested, or scrambling possession. In McCaleb v. Worcester, supra, it is indicated by Mr. Justice Brown, that "Where

complainants alleged, but failed to prove, actual and peaceable possession in themselves, and failed to show that no one was in actual possession, bill to quiet title should have been dismissed."

The rule indicated in Hicks v. Stone, supra, is the rule that obtains, notwithstanding the expressions in the earlier cases. Lyon v. Arndt, 142 Ala. 486, 38 So. 242; Randle v. Daughdrill, 142 Ala. 490, 39 So. 162; Carr v. Moore, 203 Ala. 223, 82 So. 473.

■ The purpose of this appeal appears to be to test the averments in respect to the possession and right of the complainants stated in the original bill as supplemented by amendments. In the respects we have indicated, it is averred complainants "are now in peaceable possession (does not state whether actual or constructive), claiming to own the legal title in fee simple, and complainants aver that no suit is pending to enforce or test the validity of the title of your complainants." (Italics supplied).

Is this in the terms of the statute, though the pleading does not disclose whether the peaceable possession, averred to be held by complainants, was actual or constructive, alleging that complainants are "claiming to own the legal title in fee simple," and not employing the exact language of the statute, "claiming to own the same in his own right"? By amendment there was added to this averment (by substituting paragraph A for paragraph 2) the following: "Your complainants respectfully show unto your Honor that they are in peaceable possession of and are claiming ownership in their own right in and to the following described real property located in Jefferson County, Alabama, viz."

In Rice v. Park, 223 Ala. 317, 135 So. 472, the original record discloses that the averment employed was that complainants "are now in the peaceable possession of the lot or tract of land" in question, "claiming to own the same in their own respective rights, and no suit is pending to enforce or test the validity of complainants' title and claim to said lot"; and it is prayed that respondent "be required to set forth and specify his title, claim or interest, or by what right he asserts claim or title in and to the lot or tract of land described in the bill, and how and by what instrument the same is derived" and created. These averments were declared sufficient.

In Hobson v. Robertson, 224 Ala. 49, 138 So. 548, it was declared that under the statute a bill to remove a cloud on a title must be by one having actual or constructive posses-

*sion,* and that the statutory requirements as to complainant's possession, actual or constructive, must be definitely and unequivocally averred and shown to exist.

We find no error in overruling the grounds of demurrer directed to the failure of the bill to aver other than was done in the instant case—that complainants "are now in" or were in peaceable possession of the land when the suit was brought (Hicks v. Stone, 210 Ala. 685, 99 So. 115; Carr v. Moore, 203 Ala. 223, 82 So. 473; Screws v. Heard, 217 Ala. 14, 114 So. 360), and that complainants claim "to own the legal title in fee simple."

■ The bill is challenged on the further ground that it did not call upon respondent "to set forth and specify his title, claim, interest *or incumbrance.*" In this case complainants set up the tax title under which respondent is alleged to hold, but do not call upon him to set forth and specify his title, claim, interest, or incumbrance upon the land, and how and by what instrument the same is derived and created.

Under the statute it was necessary to so call upon the respondent to specify the claim, title, or incumbrance he wishes to defend upon as provided in section 9906, Code, and not to confine him to the supposed or alleged title that complainants ask to be canceled. Pace v. Robertson Banking Co., 202 Ala. 343, 80 So. 425; Davis v. Daniels, 204 Ala. 374, 85 So. 797; Manning v. Manning, 203 Ala. 186, 82 So. 436; Adams v. Pollak, 217 Ala. 688, 117 So. 299. The lack of this averment is challenged by demurrer which should have been sustained.

■ The bill does not allege there is "no suit pending to enforce or test the validity of such title, claim or incumbrance"; it merely alleges that no suit "is pending to enforce or test *the validity of the title of your complainants.*" This is not a sufficient averment. Parker v. Boutwell & Son, 119 Ala. 297, 24 So. 860; Hicks v. Stone, 210 Ala. 685, 99 So. 115; Reeder v. Cox, 218 Ala. 182, 118 So. 338.

It is declared in Moore v. Alabama National Bank, 139 Ala. 273, 276, 35 So. 648, 649, that "It will be seen, that the averment does not follow the language of the statute, but is a departure therefrom. The language of the bill as to the pendency of a suit is, as has appeared, that there is no suit pending between complainant and defendant, 'to enforce or test the validity of such alleged title or claim,' of defendant to the land, whereas, the provision of the statute as to this mat-

ter is, that 'no suit is pending (not between complainant and defendant), to enforce or test (not defendant's title or claim as is averred, but) *the validity of such title, claim or incumbrance.*' It may well be conceived,—admitting the truth of the averment of the bill, that there was no suit pending between the complainant and defendant for the purposes specified,—that there may have been a suit pending between the defendant and some one else, in which the title of complainant to the lands might be determined; and that, aside from the mere question of title, the defendant might have held 'a lien or incumbrance' on the land, which there was a pending suit to determine. This averment of the bill falls short of statutory requirements. for the maintenance of a bill of this character. Weaver v. Eaton [139 Ala. 247], 35 So. 647. We are impressed, it is the safer and better rule to require the bill, in this respect, to preserve substantially the language of the statute."

In the overruling of demurrer on this ground there was error directed, as it was,. against the bill as one to clear title.

■In the following cases the owner, as complainant, claiming title in his own right, in peaceable possession of property sold at tax sale, was permitted to redeem and cancel the tax deed by a bill in equity: National Fireproofing Corporation v. Hagler, 226 Ala. 104, 145 So. 421; King v. Artman, 225 Ala. 569, 144 So. 442; Chesnutt v. Morris, 223. Ala. 46, 135 So. 344; Morris v. Card, 223 Ala. 254, 135 So. 340; Burdett v. Rossiter, 220 Ala. 631, 127 So. 202; Bell v. Propst, 220· Ala. 641, 127 So. 212; Threadgill v. Home Loan Co., 219 Ala. 411, 122 So. 401; Screws v. Heard, 217 Ala. 14, 114 So. 360; Georgia Loan & Trust Co. v. Washington Realty Co., 205 Ala. 288, 87 So. 794; Bains Bros. Invest. Co. v. Walthall, 180 Ala. 45, 60 So. 142; Acts. 1915, p. 475, § 240; section 3108, Code.

The case of Bracely v. Noble, 201 Ala. 74, 77 So. 368, was for redemption from municipal tax sale. And in the case of Osborne v.. Waddell, 176 Ala. 232, 57 So. 698, the bill. was for the purpose of selling for division. certain real estate alleged to be jointly owned, and the observation made that, if it is a bill to enforce the right of redemption "from a purchaser at tax sale, it is wholly without equity," for that the remedy at law was adequate and complete and exclusive. However, the later cases of Georgia Loan & Trust Co. v. Washington Realty Co., supra, Bell v. Propst, supra, and King v. Artman, supra, have departed from this view. There was no·

error in overruling the demurrer to the statutory phase of the bill on the last-stated ground, being strictly to quiet title and having no other aspect.

In Chestang v. Bower, 224 Ala. 469, 140 So. 537, 538, is the statement, that in "proceedings under the statute to quiet title, if the averments of the bill and *the answer* conform to the requirements of the statute, the *issues thus formed* are broad enough to authorize the court to settle and quiet the title in one or the other of the parties, or, if it is shown that complainant owns part of the land and the defendant part, the decree may so declare." (Italics supplied.) Grayson v. Muckleroy, 220 Ala. 182, 124 So. 217; Reeder v. Cox, 218 Ala. 182, 118 So. 338. See, also, Adams v. Powell, 225 Ala. 300, 142 So. 537; City of Jasper v. Sanders, 226 Ala. 84, 89, 145 So. 827. This is not the pleading before us; here the sufficiency of the bill under the statute (section 9905, Code) is appropriately challenged by demurrer.

The bill, as a statutory bill, was subject to demurrer, as that to remove a cloud from the title for failure of averment, as we have indicated. King v. Artman, 225 Ala. 569, 144 So. 442; section 9905, Code.

It is insisted by appellees, that the bill is sufficient, irrespective of section 9905, Code, because by complainants in peaceable possession claiming ownership, who seek cancellation of the tax deed which is outstanding in the respondent, the invalidity of which does not appear as a matter of record, but rests upon matters aliunde. King v. Artman, supra. That is, that the equity in this bill and that in the King Case was to cancel and remove as a cloud on the title of complainant, though not alleged by express averment to be a "cloud" in the King Case, and so prayed in this case to be a cloud and to be *canceled* as a *"cloud."*

On this phase, appellees' counsel says: "In the case at bar, the bill is to cancel and remove a tax deed as a cloud upon the title of complainants. We submit, therefore, that if it be conceded for the sake of argument, that the bill in the case at bar is not a statutory bill, yet said bill is sufficient under authority of King v. Artman, supra, as in that case, so it is in the case at bar, evidence aliunde is necessary to show invalidity of respondent's tax title. The bill in the case at bar alleges that complainants are in peaceable possession, claiming ownership of the property, the subject-matter of this suit; that

the respondent has a tax deed to said property; and that the complainants are seeking the cancellation of the tax deed (as a cloud on complainants' title, we interpolate), which is outstanding in the respondent, the validity of which does not appear as a matter of record, but rests upon matters aliunde;" and it is urged within the purview of King v. Artman, 225 Ala. 569, 144 So. 442.

We have indicated that the bill is not sufficient as one to clear title under section 9905 of the Code, and are of opinion that the recent decision in King v. Artman, supra, saves the amended pleading (lacking the essentials of a statutory bill) from grounds of demurrer directed thereto, as a bill for redemption and cancellation of the tax deed which is alleged to be outstanding in the respondent. As to this, the pleading prays for redemption and cancellation of that deed as a cloud on complainants' title and as being a tax deed to respondent purchaser at tax sale under an assessment as "owner unknown." As to this assessment it is alleged that the same was made when "the complainants were in actual, peaceable, adverse and notorious possession of said property claiming ownership thereof in fee simple in their own right"; that the tax collector sold a part of said property (describing it) at public outcry to respondent for $12.83 taxes; that neither of the complainants was "served with a written notice of the purchase of said property by the purchaser, W. H. Watson (appellant), in the manner provided by § 3109 of the Code"; that neither of the appellees had knowledge of said tax sale until the latter part of June, 1932, when respondent informed one of the complainants that he (respondent) was claiming said property by virtue of said tax deed. These facts were matters to be shown by evidence aliunde.

The demurrers were directed to the amended bill as a whole, and there was no error to reverse (Wood v. Estes, 224 Ala. 140, 139 So. 331; Oden v. King, 216 Ala. 504, 113 So. 609, 54 A. L. R. 1413; Thompson v. Brown, 200 Ala. 382, 76 So. 298); that phase of the bill as amended for cancellation or redemption from tax title was within the rule of King v. Artman, 225 Ala. 569, 144 So. 442, and was free from demurrer.

The decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.